UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY MCMICHAEL,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY MEDICAL CENTER, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, CLARK COUNTY, STATE OF NEVADA,<br><br>Defendants. | Case No. 2:25-cv-01829-CDS-EJY<br><br>**ORDER**<br>**AND**<br>**REPORT AND RECOMMENDATION** |

Pending before the Court are Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) and Complaint (ECF No. 1-1). The Application is complete and granted below.

**I.      Screening Standard**

When screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A formulaic recitation of the elements of a cause of action is insufficient. *Id*. Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.  Plaintiff's Complaint**

Plaintiff's Complaint arises from an incident at University Medical Center ("UMC"). ECF No. 1-1 at 2. As alleged in the Complaint, Plaintiff was in a hallway, handcuffed to a hospital bed, when an unidentified doctor approached him. *Id*. at 3. The unidentified doctor is alleged to have cut open Plaintiff's sweatshirt, pulled down Plaintiff's pants and boxers, grabbed Plaintiff's penis, and said "what are you going to do with this." *Id*. at 3. Plaintiff alleges a Las Vegas Metropolitan Police Department ("LVMPD") officer—Officer Young who is not a named defendant—was the individual who handcuffed him to the bed. *Id*. Plaintiff avers generally that the incident was captured on police bodycam footage though it is unclear whose body camera footage captured the event. *See id*. at 3. Plaintiff further contends Sergeant Pastuna—also not named as a defendant—should have investigated the incident and failed to "address this occurrence or [Plaintiff's] needs." *Id*. at 5.

**III.  Discussion**

   a.   <u>Plaintiff Fails to State a Fourth Amendment Claim.</u>

Plaintiff attempts to raise an excessive force claim. *Id*. at 4. Excessive force is analyzed under the Fourth Amendment and the inquiry focuses on "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (internal citations omitted). Here, Plaintiff's bare allegation that Officer Young handcuffed him to a hospital bed is insufficient to support the conclusion that this was an objectively unreasonable use of force. The subsequent events allege by Plaintiff do not change the analysis of whether initial handcuffing was excessive. Plaintiff's Fourth Amendment excessive force fails as pleaded; however, leave to amend is granted.

2

b. <u>There is no Constitutional Right to an Investigation</u>.

Plaintiff cannot state a claim against Sergeant Pastuna's based on his alleged failure to investigate. Said simply, there is no substantive due process right to an investigation. *Gini v. Las Vegas Metropolitan Police Dept.*, 40 F.3d 1041, 1045 (9th Cir. 1994) ("The police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty of property"). *See also Abney v. City of Philadelphia,* Case No. CIV A 96-08111, 1999 WL 360202, * 2 (E.D. Pa. May 26, 1999) (rejecting civil rights claims premised on a police officer's failure to investigate plaintiff's assault, and his classification of plaintiff's 911 call as "unfounded," the court noted that "there is no substantive due process right to police assistance"); *Mills v. Clarke*, Case No. 1:20-cv-00498-HBK (PC), 2023 WL 7286876, at *10 (E.D. Cal. Mar. 13, 2023) (collecting cases regarding prisoners' rights to an investigation). Accordingly, the Court recommends this claim be dismissed with prejudice.

c. <u>As Pleaded, Plaintiff Fails to State a Failure to Protect Claim Under the Fourteenth Amendment</u>.

When the entirety of Plaintiff's allegations are considered together and liberally construed, the Court finds Plaintiff may be seeking to state a due process claim under the Fourteenth Amendment. That is, it appears Plaintiff is alleging LVMPD Officer Young and Sergeant Pastuna, who are not named as defendants, violated his due process rights when they failed to protect him from the unknown doctor who walked through the hallway where Plaintiff was handcuffed. Generally, there is no constitutional right to be protected from private harm.[1] *Henry A. v. Willden*, 678 F.3d 991, 998 (9th Cir. 2012) ("Generally, the Fourteenth Amendment's Due Process Clause does not confer any affirmative right to governmental aid and typically does not impose a duty on the state to protect individuals from third parties." (Cleaned up.) However, there are two exceptions

---

[1] Plaintiff does not name the unidentified assailant as a doe defendant. ECF No. 1-1. There are no facts upon which the Court can discern if the individual who allegedly attacked Plaintiff was employed by UMC, visiting another patient, or even a doctor. Even if the bad actor was a doctor and an employee of UMC, this alone is not enough to transform his conduct into state action. *See Fox v. Arizona*, Case No. CV-21-01089-PHX-MTL, 2023 WL 7327881 (D. Ariz. Nov. 7, 2023), *appeal dismissed*, Case No. 23-3644, 2024 WL 4851420 (9th Cir. Mar. 1, 2024). As the caselaw instructs, the inquiry focuses instead on the nature and circumstance of the actor's conduct and its relation to the actor's official duties. *See Chudacoff v. Univ. Med. Ctr. Of S. Nev.*, 649 F.3d 1143, 1150 (9th Cir. 2011).

3

to this general prohibition. These include the special relationship exception and the state created danger exception. *Johnson v. City of Seattle*, 474 F.3d 634, 639 (9th Cir. 2007).

### 1. Plaintiff states no claim under the special relationship exception

"The special-relationship exception applies when the state takes a person into its custody and holds him there against his will." *Murguia v. Langdon*, 61 F.4th 1096, 1109 (9th Cir. 2023) (internal citations and quotations omitted). When such a relationship exists, "the state can be liable for due process violations 'premised on an abuse of that special relationship." *Arnold v. Cnty. of Alameda*, Case No. 15-CV-04083-HSG, 2016 WL 4074484, at *4 (N.D. Cal. Aug. 1, 2016) (quoting *L.W. v. Grubbs*, 974 F.2d 119, 121 (9th Cir. 1992)). "To determine whether a 'special relationship' exists, a court may look to a number of factors, including (1) whether the state created or assumed a custodial relationship toward the plaintiff; (2) whether the state affirmatively placed the plaintiff in a position of danger; (3) whether the state was aware of a specific risk of harm to the plaintiff; or (4) whether the state affirmatively committed itself to the protection of the plaintiff." *Louvar v. Ravalli County Sheriff's Office*, Case No. CV 08-101-M-DWM-JCL, 2008 WL 4189546, at *3 (D. Mont. Sept. 4, 2008) *quoting Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 700 (9th Cir.1990).

Here, even if the Court presumes Plaintiff was in LVMPD's custody, Plaintiff's claim still fails. Plaintiff cannot state a claim against LVMPD based on its employment of Officer Young or Sergeant Pastuna because there is no *respondeat superior* liability in a 42 U.S.C. § 1983 action. *Hill v. Las Vegas Metro. Police Dep't*, 197 F.Supp.3d 1226, 1232-33 (D. Nev. 2016), *aff'd,* 705 Fed.Appx. 616 (9th Cir. 2017). If Plaintiff seeks to hold Clark County or UMC liable for the wrongful conduct alleged, Plaintiff alleges no facts that would establish a claim under *Monell v. Dept. of Soc. Servs*, 436 U.S. 658, 690-95 (1978).[2] And, Plaintiff can raise no 42 U.S.C. §

---

[2] A local governmental entity like Clark County or UMC may be held liable when it acts "pursuant to an expressly adopted official policy." *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (per curiam) (citing *Monell*, 436 U.S. at 694); *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004). *See also Thompson v. Univ. Med. Ctr.*, Case No. 2:07-cv-01378-RLH-PAL, 2008 WL 11512289 (D. Nev. Oct. 15, 2008) (finding UMC subject to suit under a properly plead *Monell* claim). Alternatively, Clark County or UMC may be held liable for a "longstanding practice or custom" that violates a constitutional right. *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (citation omitted). Finally, Clark County or UMC may be liable under Section 1983 when "'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016). In this case, the facts alleged do not support or even

4

1983 claims against the State of Nevada as Eleventh Amendment sovereign immunity bars such actions. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989); *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) ("[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state" and that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature"); NRS § 41.031(3) (stating that the State of Nevada does not waive its Eleventh Amendment immunity).

Finally, while it is potentially true Plaintiff could state a Fourteenth Amendment claims against Officer Young and Sergeant Pastuna in their individual capacities by alleging the special relationship exceptions based on being handcuffed to the hospital bed, Plaintiff does not name these LVMPD officers as defendants and, in any event, fails to allege sufficient facts to plausibly plead this claim. That is, while a custodial relationship was likely established when Officer Young handcuffed Plaintiff to the hospital bed, Plaintiff pleads no facts establishing that this act affirmatively placed Plaintiff in a position of danger. Plaintiff was in a hospital hallway, not ordinarily considered a dangerous place. Nor does Plaintiff plead any facts supporting the conclusion that either Officer Young or Sergeant Pastuna were aware of a specific risk of harm by taking him to the hospital. There are no facts demonstrating there is any reason for these officers, LVMPD generally or anyone else to know that an unknown individual would engage in what appears to be a random sexual assault.

The Court finds Plaintiff's liberally construed Fourteenth Amendment failure to protect claim is properly dismissed for failure to state a claim. The dismissal is without prejudice and with leave to amend.

## 2.  *State Created Danger Exception*

The state-created danger exception requires the state: (1) to affirmatively act to place plaintiff in danger, and (2) to act "with deliberate indifference to a known or obvious danger." *Murguia*, 61

---

create an inference that successful amendment is possible. The facts are unusual and ascribed to a specific, yet unidentified individual. That is, it is too far for the Court to reach to reasonably infer Plaintiff can allege facts demonstrating that Clark County or UMC adopted an official policy, a long standing practice, or ratified conduct supporting the failure to protect a person in custody from a supposed sexual assault by an unknown assailant while in a hospital hallway.

F.4th at 1106 (internal citations and quotations omitted).  Applying this standard to Plaintiff's claims, the Court finds Plaintiff has not, and cannot, plead facts demonstrating that Officer Young, Sergeant Pastuna, Clark County or LVMPD generally acted affirmatively and with deliberate indifference to place Plaintiff in danger, let alone in a known obvious danger.  Plaintiff claims an unidentified individual, supposedly a doctor, while walking by a hospital bed at UMC, decided to strip Plaintiff of his pants and underwear, grab his genitals and ask a question.  This act, even if true, was obviously random and unforeseeable.  There is nothing to suggest, and the Court finds Plaintiff will be unable to plausibly allege, this conduct was known to be generally engaged in by doctors at UMC.

The Court recommends that to the extent Plaintiff intended to plead a Fourteenth Amendment failure to protect claim under the state created danger exception, that claim be dismissed with prejudice.

**IV.  Order**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) be filed on the docket.

IT IS FURTHER ORDRED that Plaintiff's Fourth Amendment excessive force claim is dismissed without prejudice and with one opportunity to amend.

IT IS FURTHER ORDERED that Plaintiff's Fourteenth Amendment Due Process claim for Failure to Protect against Officer Young and Sergeant Pastuna, based on the special relationship exception, is dismissed without prejudice and with one opportunity to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint he must do so no later than **January 13, 2026**. The amended complaint must be titled "AMENDED COMPLAINT" and must be complete—meaning all facts and all claims Plaintiff wishes to assert must be stated in the amended complaint. Plaintiff must plead sufficient facts demonstrating Officer Young or other defendants, who are identified, engaged in wrongdoing establishing constitutional claims.  Plaintiff must not include claims recommended for dismissal with prejudice below.

IT IS FURTHER ORDERED that failure to file an amended complaint in compliance with the terms of this Order will result in a recommendation to dismiss this matter in its entirety.

## V. Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's claim alleging a failure to investigate be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's claims alleging a Fourteenth Amendment failure to protect claim based on state created danger be dismissed with prejudice because the Court finds Plaintiff will be unable to amend his Complaint to state plausible facts to support such a claim.

IT IS FURTHER RECOMMENDED that Plaintiff's claims against UMC and Clark County, be dismissed with prejudice as the Court finds, given the events about which Plaintiff complains, he will be unable to allege plausible facts that will support claims against these entities.

IT IS FURTHER RECOMMENDED that the State of Nevada be dismiss with prejudice as immune from suit.

Dated this 9th day of December, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).