UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ANTHONY MCMICHAEL,

Plaintiff,

v.

UNIVERSITY MEDICAL CENTER, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, CLARK COUNTY, STATE OF NEVADA,

Defendants.

Case No. 2:25-cv-01829-CDS-EJY

**ORDER**

Pending before the Court are Plaintiff's Motions for Appointment of Counsel (ECF No. 9) and to Extend Time (ECF No. 10). Plaintiff requests counsel asserting he is an inmate with no consistent law library access, he has limited knowledge of the law, and he is unable to retain a lawyer through his own efforts. ECF No. 9 at 1-2.

As a general proposition, a civil litigant has no right to counsel. *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under "exceptional circumstances" a court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Court finds that Plaintiff fails to establish the extraordinary circumstances to support appointment of counsel. The lack of adequate legal knowledge, even assuming a case is legally complex, is not an exceptional circumstance "in light of the legal competence of most prisoners in similar situations." *Zamaro v. Moonga*, 656 Fed.Appx. 297, 299 (9th Cir. 2016). And, "the Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation." *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989) [Control]. *See also Perez v.*

1

*Nash*, Case No. 21-cv-00075-RFB-VCF; *see also Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (finding that prisoner litigants' lack of a legal education does not constitute exceptional circumstances). Further, indigence and limited law library access are circumstances common to most prisoners and do not establish extraordinary circumstances. *See Baker v. Macomber*, Case No. 2:15-cv-00248-TLN-AC, 2020 WL 1182495, at \*1 (E.D. Cal. Mar. 12, 2020) (finding that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel"). Plaintiff's Motion seeking appointment of counsel is denied.

Plaintiff also requests to extend the time to file his amended complaint. In order to ensure Plaintiff has sufficient time to craft an amended complaint, the Court extends the due date for such filing to March 6, 2026.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 9) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Extend Time (ECF No. 10) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's amended complaint is due no later than **March 6, 2026.**

Dated this 3rd day of February, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2